[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 30, 2007
THOMAS K. KAHN
CLERK

No. 06-16617
Non-Argument Calendar
_____

D. C. Docket No. 06-00176-CV-T-26-MAP

DAIRYLAND INSURANCE COMPANY,

                                                        Plaintiff-Appellee,

versus

WILLIAM CREWS,

                                                        Defendant-Appellant,

NANCY BLAND, as guardian and natural parent
of Dennis Bland, II, et al.,

                                                        Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 30, 2007)**

Before DUBINA, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

William Crews appeals the district court's entry of summary judgment in favor of Dairyland Insurance Company ("Dairyland"). Dairyland brought this action for a declaratory judgment on the issue of whether it properly cancelled Crews's automobile liability insurance policy for non-payment of the premium. If the cancellation was proper, Dairyland has no obligation to provide coverage, and no duty to defend an action, for damages arising from a car accident involving Nancy Bland's minor son. These damages are the subject of an underlying action in state court. On appeal, Crews argues the district court improvidently granted summary judgment based on Florida's Uninsured Motorist Statute. See § 627.727, Fla. Stat.

We review the district court's order granting summary judgment de novo. See Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1296 (11th Cir. 2000). A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). In our review, we "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1285 (11th Cir. 1997), and "resolve

all reasonable doubts about the facts in favor of the non-movant." United of Omaha Life Ins. v. Sun Life Ins. Co., 894 F.2d 1555, 1558 (11th Cir.1990).

In a succinct and well-reasoned opinion, the district court entered summary judgment based on the unambiguous terms of Crews's insurance policy, including the provision for Uninsured Motorist coverage and the requirement for timely payments of premiums, and in accordance with Florida law. In its order, the district court addressed virtually every argument raised in this appeal. After our own review of the record and careful consideration of the parties' arguments, we discern no reversible error in the district court 's disposition of this case and affirm its judgment in all respects.

**AFFIRMED.**